UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **Lakesha Goins**, | Case No.: _____ |
| *Plaintiff*, | |
| v. | Ad Damnum: **$2,000 + Atty Fees & Costs** |
| **Orion Portfolio Services, LLC,** *and* **TrueAccord Corp.,** | **JURY TRIAL DEMANDED** |
| *Defendants.* | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, **Lakesha Goins**, ("**Ms. Goins**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendants, **Orion Portfolio Services, LLC** ("**Orion**"), and **TrueAccord Corp.** ("**TrueAccord**") (jointly, the "**Defendants**"), stating as follows:

**PRELIMINARY STATEMENT**

1. This is an action brought by Ms. Goins against the Defendants for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et seq.* ("**FDCPA**"), and the *Florida Consumer Collection Practices Act*, Section 559.55, Florida Statutes, *et seq.* ("**FCCPA**").

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. §1692k(d), and 28 U.S.C § 1331.

Page 1 of 18

3. This Court has supplemental jurisdiction for Ms. Goins' state law claims pursuant to 28 U.S.C. § 1367.

4. The Defendants are subject to the provisions of the FDCPA and the FCCPA, and to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes, and Fed. R. Civ. P. 4(k).

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because the acts complained of were committed and / or caused by the Defendants therein.

## PARTIES

### Ms. Goins

6. **Ms. Goins** is a natural person residing in Seffner, Hillsborough County, Florida, and a *Consumer* as defined by the FDCPA and the FCCPA, 15 U.S.C. § 1692a(3) and Section 559.55(8), Florida Statutes, respectively. Ms. Goins was previously known as Lakesha Trody and Lakesha Trody-Goins.

### Orion

7. **Orion** is a Georgia limited liability company with a primary business address of **10375 Old Alabama Road Connector, Suite 302, Alpharetta, GA 30022.**

8. Orion is not registered to conduct business in the State of Florida. Orion's Georgia registered agent is **Anurag Sett, 10375 Old Alabama Road Connector, Suite 302, Alpharetta, GA 30022.**

### TrueAccord

9. **TrueAccord** is a Delaware corporation with a primary business address of **16011 College Blvd, Suite 130, Lenexa, KS 66219**.

10. TrueAccord is registered to conduct business in the State of Florida, where its registered agent is **Incorp Services, Inc., 17888 67th Ct. N., Loxahatchee, FL 33470.**

### DEFENDANTS ARE DEBT COLLECTORS

11. Orion and TrueAccord are *Debt Collectors* within the meaning of the FDCPA, 15 U.S.C. § 1692a(6) and the FCCPA, Section 559.55(7), Florida Statutes, in that they use postal mail or another instrumentality of commerce, interstate and within the State of Florida, for their businesses, the principal purposes of which are the collection of debts, and/or they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. TrueAccord is registered with the Florida Office of Financial Regulation as a *Consumer Collection Agency* ("**CCA**"), holding license number

**CCA9903295**. **SEE PLAINTIFF'S EXHIBIT A**. As a licensed CCA, TrueAccord knows or should know the requirements of both the FDCPA and the FCCPA.

## FACTUAL ALLEGATIONS

13. In January 2010, Ms. Goins was alleged to have defaulted on an account with Aarons Sales and Lease, Store 208 ("**Aarons**") on a rental agreement for consumer goods ("**the Debt**").

14. The Debt arose from services which were for family, personal, or household purposes, specifically for home furnishings, and meets the definitions of *Debt* under 15 U.S.C. § 1692a(5) and Section 559.55(6), Florida Statutes.

15. On information and belief, Ms. Goins incurred the Debt to Aarons when she made payment on a rental agreement by check for $110.

16. A short time after tendering the check to Aarons, Ms. Goins paid the $110 owed in cash and asked Aarons to not deposit the previously provided check.

17. On or about January 30, 2010, Aarons sold, transferred, or otherwise assigned the Debt to Orion for collection. Alternately, Aarons sold it to Trident Asset Management, LLC ("**Trident**") or OPS 9, LLC ("**OPS**"), and Trident and/or OPS then transferred the Debt to Orion.

18. Trident, OPS, and Orion are all owned and managed by Anurag Sett ("**Sett**"), sharing common offices and employees.

19. In 2015, Ms. Goins, by and through undersigned counsel, sued Trident for violation of the FDCPA concerning its attempts to collect the Debt from her. See *Lakesha Trody-Goins vs. Trident Asset Management LLC a/k/a Trident AM LLC*, case 15-CC-040582, Hillsborough County, 2015.

20. The case was amicably settled to the satisfaction of all parties.

21. After settlement, the Debt was discharged by OPS, who claimed to be the owner of the debt.

22. Upon information and belief, the "OPS" in "OPS 9, LLC" stands for "Orion Portfolio Services."

23. Sett was fully aware of the settlement and signed the settlement agreement on behalf of OPS and Trident.

24. Despite this, at some point, the Debt, which was never legitimately owed and was now extinguished by the claimed successor-in-interest, was nonetheless transferred to Orion.

25. Ms. Goins disputes owing the Debt.

**Orion Assigns Debt to TrueAccord for Collection**

26. On or about December 24, 2020, Orion transferred or assigned the Debt to TrueAccord for collection.

27. On or about December 24, 2020, without the consent of Ms. Goins, Orion communicated considerable information to TrueAccord. At the time of this

communication, TrueAccord was a third party. Orion communicated Ms. Goins' name and address, the amount of the Debt, the original creditor, the date of delinquency, and the nature of the Debt.

28. Orion also failed to communicate to TrueAccord that the Debt was disputed by Ms. Goins.

29. TrueAccord is neither a consumer reporting agency nor an attorney for Orion, and the Debt has not been reduced to judgment. Therefore, such third-party disclosure was made without authority or exemption under the FDCPA, 15 U.S.C. § 1692c(b)**.**

30. 15 U.S.C. § 1692c(b) states that:

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the <u>consumer</u>, his <u>attorney</u>, a <u>consumer reporting agency</u> if otherwise permitted by law, the <u>creditor</u>, the <u>attorney of the creditor</u>, or the <u>attorney of the debt collector</u>." (<u>Emphasis added</u>).

31. Thus, Orion disclosed information about Ms. Goins, her status as a debtor, and other information in violation of 15 U.S.C. § 1692c(b). See *Hunstein v. Preferred Collection & Mgmt. Servs.*, No. 8:19-cv-983 (11th Cir. April 21, 2021).

32. If a debt collector "conveys information regarding the debt to a third party – informs the third party that the debt exists or provides information about

the details of the debt – then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

### TrueAccord's Collection Attempts

33. Since December 2020, TrueAccord has made a great number of attempts to collect the purported Debt.

34. As one example, on May 16, 2021, TrueAccord emailed Ms. Goins in an attempt to collect the Debt (the "**Collection Email**"). **SEE PLAINTIFF'S EXHIBIT B.**

35. At no point did TrueAccord attempt to contact Ms. Goins' attorneys who represent her concerning the Debt that TrueAccord was attempting to collect, nor did her attorneys consent to the communication, nor did Ms. Goins initiate the communication.

36. The Collection Email prominently stated, "I'm writing to remind you about your past-due balance of $135.00, originally owed to AARON RENTS but now owned by Orion Portfolio Services, LLC." *Id.*

37. The Collection Email further attempted to create a false sense of urgency, stating: "We only have a limited amount of time to work with you on your account before it gets sent to another agency." *Id.*

38. The statute of limitations in Florida on a legal or equitable action on a contract, obligation, or liability not founded on a written instrument, including

an action for the sale and delivery of goods, wares, and merchandise, and on store accounts, is *four years*. *See* Section 95.11(3)(k), Florida Statutes.

39. Thus, since the Debt is subject to a four-year statute of limitations, it has been time-barred since at least January 2014.

40. TrueAccord also proposed an installment payment plan of $22.50 for 6 months. **SEE PLAINTIFF'S EXHIBIT C.**

41. TrueAccord's website requires a consumer to electronically "sign" an agreement to accept the installment payment offer.

42. Such a new agreement to pay a time-barred debt has the potential to create a new contract for which the consumer could now be sued if they were to default on the payment agreement.

43. On May 18, 2021, TrueAccord sent another email to Ms. Goins, again attempting to collect the Debt, a mere 48 hours after its prior email. **SEE PLAINTIFF'S EXHIBIT D.**

44. Once again, at no point did TrueAccord attempt to contact Ms. Goins' attorneys who represent her concerning the Debt that TrueAccord was attempting to collect, nor did her attorneys consent to the communication, nor did Ms. Goins initiate the communication.

45. An email from a debt collector is a *Communication* pursuant to the FDCPA; *see Hart v. Credit Control, LLC*, 871 F. 3d 1255, 1257-58 (11th Cir. 2017).

46. TrueAccord is an agent for Orion, a debt collector. Orion is therefore liable for the actions of its agent, TrueAccord.

47. Ms. Goins has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to such firm.

## COUNT I
## VIOLATIONS OF THE FDCPA

48. Ms. Goins adopts and incorporates paragraphs 1 – 47 as if fully stated herein.

49. Orion violated **15 U.S.C. § 1692c(b)** when it communicated information about the Debt to TrueAccord, an unauthorized third party, without Ms. Goins' consent, and TrueAccord was not the creditor, an attorney for the creditor, a consumer reporting agency, or an attorney for Orion.

50. The Defendants violated **15 U.S.C. § 1692c(a)92)** in that they made multiple and repeated communications to Ms. Goins directly, a consumer whom they knew was represented by legal counsel with respect to the Debt they were collecting, without the consent of Ms. Goins' attorneys, without first attempting to contact Ms. Goins' attorneys, and without Ms. Goins initiating the communication.

51. The Defendants violated **15 U.S.C. § 1692e and 1692e(10)** when they used misleading and deceptive means to attempt to collect a debt by repeatedly

claiming that Ms. Goins owed the Debt, when the Debt was never owed to begin with and had been extinguished a half-decade earlier by OPS, the owner of the Debt.

52. The Defendants violated **15 U.S.C. § 1692e(2)(a)** when they made a false representation about the character, amount and legal status of a debt by repeatedly claiming that Ms. Goins owed the Debt, when the Debt was never owed to begin with and had been extinguished a half-decade earlier by OPS, the owner of the Debt.

53. The Defendants violated **15 U.S.C. § 1692e(5)** when they threatened action not intended to be taken, and which could not legally be taken, to wit, the collection of a non-existent debt.

54. The Defendants violated **15 U.S.C. § 1692e(6)** when they claimed the Debt, which had been nullified by OPS, had nonetheless been "sold" to Orion, an act which Defendants apparently claimed had caused Ms. Goins to lose her legal defense to the Debt, *e.g.*, that it had already been extinguished by OPS.

55. The Defendants violated **15 U.S.C. § 1692e(12)** when they claimed the Debt, which had been nullified by OPS, had nonetheless been "sold" to Orion, a purported "innocent purchaser" by OPS for value, and that Ms. Goins now, somehow, owed the Debt to Orion.

56.     The Defendants violated **15 U.S.C. § 1692(f)(1)** when they attempted to collect an amount not allowed by contract or law.

57.     At all times relevant, TrueAccord was acting as Orion's agent and within the scope of its authority. Orion, as principal, is therefore jointly and severally liable for the actions of its agent, TrueAccord.

**WHEREFORE,** Ms. Goins respectfully requests this Honorable Court enter judgment against Orion and TrueAccord, jointly and severally, for:

   a.   Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   b.   Unspecified actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c.   Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and,

   d.   Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FCCPA

58.     Ms. Goins adopts and incorporates paragraphs 1 – 47 as if fully stated herein.

59.     Orion violated **Section 559.72(5), Florida Statutes**, when it disclosed to TrueAccord, a third party, information that would affect Ms. Goins' reputation, specifically details about her purported unpaid bills. Orion was

aware that there was no legitimate business *need* to convey this information, since Orion had no actual debt which it had any right to collect, as the Debt was extinguished more than five years earlier.

60. The Defendants violated **Section 559.72(9), Florida Statutes**, when they asserted legal rights which do not exist, to wit, the right to collect the Debt, which had been nullified by binding contract five years prior.

61. The Defendants violated **Section 559.72(9), Florida Statutes**, when they asserted a Debt was legitimate when they knew it was not, since the Debt had been nullified by binding contract five years prior.

62. The Defendants violated **Section 559.72(18), Florida Statutes**, when they made multiple and repeated communications to Ms. Goins directly, a consumer whom they knew was represented by legal counsel with respect to the Debt they were collecting, without the consent of Ms. Goins' attorneys, without first attempting to contact Ms. Goins' attorneys, and without Ms. Goins initiating the communication.

63. The Defendants' actions were willful and intentional, or done with a reckless disregard for the consumer's rights under the FCCPA.

64. At all times relevant, TrueAccord was acting as Orion's agent and within the scope of its authority. Orion, as principal, is therefore jointly and severally liable for the actions of its agent, TrueAccord.

65. By their conduct, the Defendants are liable for the above-stated violations of the FCCPA.

**WHEREFORE,** Ms. Goins respectfully requests this Honorable Court enter judgment against Orion and TrueAccord, jointly and severally, for:

a. Statutory damages of **$1,000.00,** pursuant to Section 559.77(2), Florida Statutes;

b. Unspecified actual damages pursuant to Section 559.77(2), Florida Statutes;

c. Equitable relief enjoining Orion and TrueAccord from any further violation of the FCCPA;

d. Reasonable costs and attorneys' fees pursuant to Section 559.77(2), Florida Statutes; and,

e. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. Goins hereby demands a jury trial on all issues so triable.

Respectfully submitted this **May 19, 2021**, by:

**SERAPH LEGAL, P. A.**

/s/ *Brandon D. Morgan*
Brandon D. Morgan, Esq.
Florida Bar No.: 1015954
BMorgan@SeraphLegal.com

/s/ *Thomas M. Bonan*
Thomas M. Bonan, Esq.
Florida Bar No.: 118103
TBonan@SeraphLegal.com

1614 N. 19th St.
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**

| | |
|---|---|
| A | TrueAccord's Florida CCA License |
| B | TrueAccord Collection Email to Plaintiff, May 16, 2021 |
| C | TrueAccord Website – Payment Plan Offer Page |
| D | TrueAccord Collection Email to Plaintiff, May 18, 2021 |